UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS JAVIER GARCIA                                                                   PETITIONER

VERSUS                                               CIVIL ACTION NO. 3:25-CV-306-TSL-RPM

WARDEN YAZOO CITY LOW                                                          RESPONDENT

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Luis Javier Garcia's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges the execution of his sentence. At the time the petition was filed, he was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. He was convicted in the United States District Court for the District of Puerto Rico for possession with the intent to distribute a controlled substance while aboard a vessel subject to the jurisdiction of the United States. [11-1] at 5. He was sentenced to 87 months imprisonment with a 5-year term of supervised release. *Id.* He is also subject to a final order of removal dated April 10, 2025. *Id.* at 8.

Petitioner sets forth three grounds in his petition, all of which relate to the Bureau of Prison's ("BOP") denial or exclusion of First Step Act ("FSA") time credits. [1] at 6–7. Because he alleges he is entitled to the application of FSA time credits, he asks this Court to order the BOP to transfer him into prerelease custody. *Id.* at 8. In response to the petition, Respondent Warden Yazoo City Low argues the petition should be dismissed because Petitioner failed to exhaust his administrative remedies and Petitioner is not entitled to the application of FSA time credits. [11] at 2.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his

sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). "[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Id.* But "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of actions." *Id.* (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

At the outset, the Court briefly addresses the exhaustion requirement. It appears that Petitioner has failed to exhaust his administrative remedies. According to the Declaration submitted by Respondent, Petitioner failed to file any administrative remedies. [11-1] at 3. Furthermore, there is no indication that Petitioner argues he should be excused from the exhaustion requirement.

Nevertheless, the instant petition can be easily resolved on the merits. Under the FSA, the BOP is authorized "to grant time credits to eligible inmates." *Alao v. Warden, FMC Fort Worth*, No. 4:25-CV-1023-P, 2026 WL 35837, at *1 (N.D. Tex. Jan. 6, 2026) (citing 18 U.S.C. § 3624(g)). "Calculation of time credits lies within the discretion of the BOP." *Id.* (citing 18 U.S.C. § 3624(b)). However, "[c]ertain convictions disqualify inmates from earning FSA time credits." *Id.* (citing 18 U.S.C. § 3632(d)(4)(D)). For example, "an inmate who is the subject of a final order of removal under any provision of the immigration laws is ineligible to apply time credits." *Id.* (citing 18 U.S.C. § 3632(d)(4)(E)(i); 28 C.F.R. § 523.44(a)(2)); *see Ortega v. Warden, FCI-Texarkana*, No. 5:23-CV-107-RWS-JBB, 2025 WL 3618826, at *3 (E.D. Tex. Sept. 9, 2025); *Zuluaga v. Warden, FCI-Texarkana*, No. 5:23-CV-128-RWS-JBB, 2025 WL 2632550, at *4 (E.D. Tex. July 11, 2025). Because Petitioner has a final order of removal against him, he is not eligible for FSA time credits. [11-1] at 8. Therefore, his petition should be dismissed.

Alternatively, the undersigned *sua sponte* addresses the issue of mootness.  According to the BOP's online inmate locator, Petitioner was released from the BOP's custody on April 13, 2026.[1] "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id.* (citations omitted).  The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).  Petitioner sought the application of FSA time credits and his transfer from the BOP's custody to prerelease custody; and his petition is now moot because he is no longer in the BOP's custody.  Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and, in the alternative, may be dismissed as moot.

**RECOMMENDATION**

The undersigned recommends that Petitioner Luis Javier Garcia's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DENIED and DISMISSED.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District

---

[1] It appears Petitioner was transferred to ICE custody.

Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 13th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE